

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-28-2006

# USA v. Keeney

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1869

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Keeney" (2006). *2006 Decisions.* Paper 1530.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1530

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-1869

UNITED STATES OF AMERICA

v.

CHRISTINE KEENEY,
                              Appellant

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
D.C. Crim. 04-cr-00193
District Judge:  The Honorable Yvette Kane

Submitted Under Third Circuit LAR 34.1(a)
February 10, 2006

Before: SCIRICA, Chief Judge, BARRY and FISHER, Circuit Judges

(Opinion Filed:  February 28, 2006)

OPINION

BARRY, Circuit Judge

Christine Keeney appeals the judgment of sentence and, more specifically, the

District Court's application of the United States Sentencing Guidelines ("U.S.S.G.").  We

have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and will affirm.

Appellant had ownership interests in massage parlors in Pennsylvania and Maryland where sexual services were offered in exchange for money. On July 29, 2004, she pled guilty to a violation of 18 U.S.C. § 1952(a)(3), which, upon conviction, sanctions those who "travel[] in interstate or foreign commerce or uses the mail or any facility in interstate or foreign commerce, with intent to – otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any unlawful activity. . . ." The underlying offenses were prostitution and money laundering.

Prior to sentencing, appellant made efforts to assist law enforcement agents in their investigations of similar businesses. Those efforts were fruitless. At her sentencing hearing, appellant nevertheless raised the prospect of receiving credit under § 5K1.0 of the Sentencing Guidelines for that assistance. She also objected to a four-level adjustment for role in the offense, pursuant to § 3B1.1(a) of the Sentencing Guidelines. The District Court applied the four-level adjustment and awarded a three-level reduction for acceptance of responsibility. With a total offense level of 15 and a criminal history category of I, appellant's guideline range was 18 to 24 months. Her request for a downward departure from that range under § 5K1.0 was denied, and she was sentenced to 18 months incarceration.

Appellant argues, first, that the District Court failed to adequately consider the sentencing factors set forth in 18 U.S.C. § 3553(a). That argument is unavailing. The District Court calculated the applicable guideline range and found that the range, though

2

advisory, did "a good job of reflecting all of the interests that need to be balanced here," such as "punishment, deterrence," and "some sort of recognition on the community's behalf." (A92) The District Court was required to do no more. *See United States v. Booker*, 125 S. Ct. 738, 757 (2005) ("[The Federal Sentencing Act post-*Booker*] requires a sentencing court to consider Guidelines ranges, but it permits the court to tailor the sentence in light of other statutory concerns as well.").

Appellant argues, next, that in light of the facts of her case, the District Court unreasonably declined to downward depart under § 5K2.0 of the Sentencing Guidelines. Appellant never requested that the District Court do so, restricting her request to a downward departure for substantial assistance under § 5K1.0. Accordingly, the argument is waived.

Finally, appellant argues that the District Court erred when it gave her a four-level adjustment for role in the offense, an adjustment permitted "[i]f the defendant was an organizer or a leader of a criminal activity that involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(a).[1] Appellant contends that the government was required to demonstrate that "she engaged five or more others *in interstate travel* to promote prostitution or money laundering." (Appellant's Br. at 25 (emphasis added)) She does not contend that the government failed to offer proof of the interstate commerce element of 18 U.S.C. § 1952(a)(3), and cites no authority for reading that element into §

_____

[1] Appellant properly preserved this argument for appeal, and our review is plenary. *See United States v. Zats*, 298 F.3d 182, 185 (3d Cir. 2002).

3

3B1.1(a).  Moreover, she "does not dispute . . . that five or more people worked at her massage parlors and illegally performed sexual activity."  (*Id.*)  We see no error in the District Court's conclusion that the four-level adjustment was warranted.[2]

The judgment of sentence will be affirmed.

---

[2] We reject appellant's argument that, post-*Booker*, the adjustment must be supported by proof beyond a reasonable doubt.